**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDWARD J. ARMBRUSTER, III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-02375 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM IN SUPPORT OF UNITED**
**STATES' MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiff alleges that, beginning with tax year 1995,

the Internal Revenue Service (IRS) disregarded various provisions of the Internal

Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged

wrongful collection, and injunctive and declaratory relief respecting federal taxes.

QUESTION PRESENTED

Plaintiff failed to properly serve the United States because the Internal Revenue

was not served and plaintiff, rather than a third party, served the United States.

Plaintiff failed to exhaust his administrative remedies prior to filing his suit. Should

this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff Edward J. Armbruster, III filed this

complaint on December 9, 2005. The complaint alleges that in connection with the

collection of federal tax beginning "with 'tax year' 1995," agents and employees of the

Internal Revenue Service "recklessly, intentionally, or by reason of negligence

disregarded" provisions from the Internal Revenue Code.  (Compl. ¶1.)1/  On February

3, 2006, plaintiff filed a return of service showing that the United States Attorney for the

District of Columbia and the Attorney General were served by certified mail.  (*See*

PACER # 3.)  However, the return of service indicates that plaintiff, rather than a third

party, served both the Attorney General and the United States Attorney's Office.

Further, plaintiff has not filed a return of service evidencing service on the Internal

Revenue Service.

     2.  <u>Plaintiff's request for entry of default.</u>  On March 10, 2006, plaintiff filed

a request for entry of default.  (Pltf.'s Req. for Entry of Default.)  In his request, plaintiff

recited that he had served the United States Attorney on December 27, 2005.  (Pltf.'s

Req. for Entry of Default ¶ 3.)  On March 13, 2006, the Clerk entered the requested

default.

ARGUMENT

I

THE COURT LACKS PERSONAL JURISDICTION OVER THE UNITED STATES SINCE PLAINTIFF
FAILED TO PROPERLY SERVE THE UNITED STATES

     Under Fed. R. Civ. P. 4(i), the United States must be served by:  (1) delivering a

copy of the summons and complaint to the United States attorney for the district in

which the action is brought, or by sending a copy of the summons and complaint by

registered or certified mail addressed to the civil process clerk at the office of the United

---

     1/    Plaintiff's case is one of more than 50 known cases filed in this Court with
identical or nearly identical complaints.

2

States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States whose order is being challenged. See Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332, 332 (D.D.C. 1980). Further, service can not be effected by an individual who is a party to the suit. See Fed. R. Civ. P. 4(c)(2); see also Davis v. Garcia, 226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, upon information and belief, plaintiff has not served the Internal Revenue Service with a summons and a copy of the complaint. Further, the plaintiff, rather than a nonparty, attempted service on the Attorney General and the United States Attorney's Office. Accordingly, since plaintiff has failed to properly serve the United States, the default should be vacated, and his complaint must be dismissed.

## II

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

A. *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claim*

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has

4

been duly filed . . . ." 26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he

filed a claim for refund, this Court lacks jurisdiction.  <u>Dalm</u>, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities.  On the

contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting

the taxes due.  (<u>See</u> Compl. ¶ 33.)  This request, in itself, implies that plaintiff has not

fully paid the taxes he seeks to recover — an implication fatal to a suit for refund.  <u>See</u>

<u>Flora</u>, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid

the federal taxes, the United States' sovereign immunity has not been waived, and this

Court lacks subject-matter jurisdiction over his claim for a refund.

      B.   *Plaintiff's Request for Injunction Is Barred by the*
          *Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in

any further collection activities.  (Compl. ¶ 33).  Such injunctive relief is barred by the

Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise

jurisdiction over a suit for the "purpose of restraining the assessment or collection of

any tax," as is the patent objective of plaintiff's claim.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the

Act precludes this Court from exercising jurisdiction over any action, such as this one,

which seeks to enjoin the collection of taxes.  See <u>Foodservice & Lodging Institute, Inc.</u>

<u>v. Reagan</u>, 809 F.2d 842, 844-845 (D.C. Cir. 1987); <u>American Federation of Gov't</u>

<u>Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly with respect to his "federal tax beginning with 'tax year' 1995" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.2/

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. <u>See</u> <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-45; <u>Flynn</u>, 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection

---

2/    As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. <u>See</u> <u>Flora</u>, 362 U.S. at 177.

— which is the ultimate relief he requests — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, he can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should vacate the default and dismiss this case.

C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 31).  This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court

lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*."  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); <u>Venen v. United States</u>, 38 F.3d 100, 103 (3d Cir. 1994); <u>Conforte v. United States</u>, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, he simply states that he "has/have exhausted all administrative remedies ... ." (Compl. ¶ 6.)  Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should vacate the default and dismiss the complaint.

III

THE DEFAULT AGAINST THE UNITED STATES WAS
IMPROVIDENTLY ENTERED

A default may be entered by the Clerk or a judge when a defendant fails to file a responsive answer.  <u>See</u> <u>Capital Yacht Club v. Aviva</u>, 228 F.R.D. 389 (D.D.C. 2005).  Since "strong policies favor the resolution of genuine disputes on their merits," however, the Court has discretion to set aside entry of default for "good cause shown."  <u>Id</u>.  To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense.  <u>Id</u>. (citing <u>Whelan v. Abell</u>, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  All the factors favor setting aside the default in this case.

As explained above, there was improper service on the United States – denying the United States of proper notice.  It is imperative that plaintiff properly serve the

United States as required by Fed. R. Civ. P. 4(i) to enable a timely response from the government.   Clearly, the United States' lack of an answer was not a willful default. Plaintiff's request for entry of default by the Clerk was untenable at that juncture in the case.

Further, plaintiff will in no way be prejudiced.  As indicated above, he has failed to properly serve the United States, and this Court lacks jurisdiction over his claims. For the same reasons, the United States has presented a meritorious defense.

For all these reasons,  the default should be vacated.


CONCLUSION

It is the position of the United States that the Clerk's entry of default should be vacated.

Date: April 3, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

10