# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD J. ARMBRUSTER, III,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)　　　No. 1:05-cv-02375 (PLF)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
UNITED STATES,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiff's tax refund claim, venue in this Court is improper, the Anti-Injunction Act bars the injunctive relief plaintiff seeks, and plaintiff failed to serve the Internal Revenue Service.

Specifically, plaintiff failed to allege that he paid the federal taxes due and filed a claim for refund. Both are required before the United States' sovereign immunity is waived. 26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960). Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction. Moreover, plaintiff is a resident of Texas (Compl. ¶ 1) and requests the refund of federal taxes. (Compl. ¶ 32). Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of Texas, venue in this Court is lacking. In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl. ¶ 33). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this

Court may not grant injunctive relief.  Finally, plaintiff has failed to state a claim for

damages.  Plaintiff has not alleged sufficient facts to demonstrate that he is entitled to

any relief.  Moreover, he has failed to demonstrate that he filed an administrative claim

for damages, which is required before the United States' sovereign immunity is waived.

See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004).

A supporting memorandum of law and proposed order are filed with this

motion.1/

DATED: April 3, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

1/  The allegations of Plaintiff's complaint are substantially similar to more than
55 complaints filed recently in this district.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD J. ARMBRUSTER, III,    )
    )
        Plaintiff,    )    No. 1:05-cv-02375 (PLF)
    )
      v.    )
    )
UNITED STATES,    )
    )
        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiff requests in his complaint is a refund of federal taxes he alleges were erroneously collected (Compl. ¶ 32), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 33), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶ 31).  To the extent plaintiff seeks a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . . "  (Compl. ¶ 32), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (Compl. ¶ 33), this Court cannot grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction over Refund Claim</u>

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes.  Both are necessary to waive the United States' sovereign immunity.  <u>See</u> <u>United States v. Dalm</u>, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before

filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that he filed a timely claim for refund, this Court lacks jurisdiction. Dalm, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (Compl. ¶ 33.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

<u>Venue Is Improper</u>

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of

Texas (Compl. ¶ 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiff's complaint alleges no facts to warrant transfer.  As explained above, plaintiff's failure to allege that he filed a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-02; <u>Flora</u>, 362 U.S. at 177.  Further, the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiff the injunctive relief he seeks.  Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Texas, the Court should dismiss this case.  <u>See</u> Fed. R. Civ. P. 12(b)(3).

<u>Plaintiff's Request for Injunction Is Barred by the Anti-injunction Act</u>

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Compl. ¶ 33).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  <u>See</u> <u>Foodservice & Lodging Institute, Inc.</u> <u>v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't</u>

Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiff alleges that the Internal Revenue Service acted improperly with respect to his "federal tax beginning with 'tax year' 1995" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief.  Primarily he merely express his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.1/

As for the second prong, plaintiff has failed to demonstrate the existence of

---

1/  As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover,  he can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which he can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

### This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 31.)  This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal

Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director

which complies with the requirements of the regulations.  Instead, he simply states that

"has/have exhausted all administrative remedies ... ." (Compl. ¶ 6.)  Therefore, plaintiff

has not met his burden to prove that the United States has unequivocally waived its

sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of

administrative remedies, this Court does not have jurisdiction over his section 7433

claim, and the Court should dismiss the complaint.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Even if the Court deems his generic assertions that he has exhausted his

administrative remedies, plaintiff's complaint is legally insufficient and should be

dismissed under Fed. R. Civ. P. 12(b)(6).  Plaintiff purports to state a claim for damages

under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 31).  Plaintiff's

complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7433 permits a taxpayer to bring a civil action for damages against the

government "[i]f, in connection with the collection of federal tax with respect to a

taxpayer, any officer or employee of the Internal Revenue Service recklessly or

intentionally disregards any provision of the [Internal Revenue Code] or any regulation

promulgated" thereunder.   26 U.S.C. § 7433.   Under Rule  8(a), a complaint need only

contain a "short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a).  But, here, there are no facts in the plaintiff's complaint to

support a claim for damages, and thus, this Court should conclude that he has not in

fact stated such a claim.  For example, plaintiff does not state what specific tax years are

at issue, the type of tax, or the amount in dispute nor does he describe the injuries he

allegedly incurred.  In fact, no facts are alleged which establish that "any officer or

employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the

[Code]."  26 U.S.C. § 7433.  Because plaintiff has failed to state a claim upon which relief

can be granted, this Court should dismiss this case.

<u>The Court Lacks Personal Jurisdiction over the Internal Revenue Service</u>

In order to effect proper service on the United States (1) delivering a copy of the

summons and complaint to the United States attorney for the district in which the

action is brought, or by sending a copy of the summons and complaint by registered or

certified mail addressed to the civil process clerk at the office of the United States

attorney; and (2) by sending a copy of the summons and complaint by registered or

certified mail to the Attorney General of the United States at Washington, D.C.; and (3)

by sending a copy of the summons and complaint by registered or certified mail to the

officer, employee and/or agency of the United States whose order is being challenged.

<u>See</u> Fed. R. Civ. P. 4(i); <u>Relf v. Gasch</u>, 511 F.2d 804 (D.C. Cir. 1975); <u>Hodge v. Rostker</u>,

501 F. Supp. 332, 332 (D.D.C. 1980).  Further, service can not be effected by an

individual who is a party to the suit.  See Fed. R. Civ. P. 4(c)(2); see also Davis v. Garcia, 226 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999).  Service of a summons and complaint in the manner provided by Fed. R. Civ. P. 4 is both mandatory and jurisdictional. See Moncrief v. Stone, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney).

In this case, upon information and belief, plaintiff has not served the Internal Revenue Service with a summons and a copy of the complaint.  Further, the plaintiff, rather than a nonparty, attempted service on the Attorney General and the United States Attorney's Office.  Since plaintiff has failed to properly serve the United States, plaintiff's complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States, because the United States has not been properly served. The Court acquires personal jurisdiction over a defendant only if the defendant is properly served.  Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("Axiomatically, due process requires proper service of process in order to

-9-

obtain in personam jurisdiction [].").  Since the plaintiff has not properly served the United States, the Court lacks personal jurisdiction and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claim for a tax refund because plaintiff has failed to prove that he filed a claim for refund and paid the taxes due.  Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes.  Further, venue is not proper in this Court for a tax refund because plaintiff resides in Texas.  Also, plaintiff has failed to prove that he filed an administrative claim for damages and has failed to state a claim for damages. Finally, plaintiff did not serve the Internal Revenue Service with a copy of the summons and complaint and plaintiff, rather than a non-party, served the  United States Attorney's Office and the Attorney General, thus the Court lacks personal jurisdiction over the United States.   For all these reasons, the Court should dismiss this action.

/ /

/ /

/ /

/ /

DATED: April 3, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
_____

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney